**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MACHLAN, | No. 15-15700 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00337-MMD-VPC |
| v. | |
| DWIGHT NEVEN, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Nevada state prisoner Robert Machlan appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging federal claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

court's ruling on cross-motions for summary judgment, *Guatay Christian*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment for defendants on Machlan's due process claim regarding his time in disciplinary and administrative segregation because Machlan failed to raise a genuine dispute of material fact as to whether his segregation implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding that a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Machlan's contention that he did not receive appropriate "time cuts" for his disciplinary segregation sentence is unsupported by the record.

The district court properly granted summary judgment for defendants on Machlan's deliberate indifference claim because Machlan failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to a serious medical need as a result of his housing placement and the use of restraints. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a claim for deliberate indifference requires showing (1) a serious medical need, which exists if a failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a purposeful act or failure to

2                                                          15-15700

respond to an inmate's pain or serious medical need and harm caused by the indifference).

The district court properly granted summary judgment for defendants on Machlan's Americans with Disabilities Act ("ADA") and Rehabilitation Act claims because Machlan failed to raise a genuine dispute of material fact as to whether defendants discriminated against him or denied him a benefit because of a disability. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (elements of claims under Title II of the ADA and the Rehabilitation Act).

Machlan's contention that the district court ruled against him because he failed to object to the magistrate judge's report and recommendation is without merit because the district court reviewed the record de novo.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Machlan's request for the appointment of counsel, set forth in his reply brief, is denied.

**AFFIRMED.**